UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES WRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:06-CV-00235 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed by Plaintiff James Wray on April 25, 2007. (Docket # 25.) Defendant Commissioner of Social Security filed a response on May 7, 2007 (Docket # 28), and Wray replied on June 6, 2007 (Docket # 33).

On March 26, 2007, pursuant to a stipulation by the parties, this Court entered an Order remanding this case to the Social Security Administration for further proceedings. (Docket # 23.) Wray is now seeking $5,566.45 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The EAJA states that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, the Commissioner does not object to an award of fees to Wray in the amount requested; rather, the Commissioner objects solely to the request that the fees be paid directly to

Wray's attorney, Joseph Shull, rather than Wray as the "prevailing party," absent "any documentation that there is a written agreement between [Shull] and his client allowing for payment of EAJA fees directly to the attorney." (Def.'s Resp. to Pl.'s Mot. for Award of Att'y Fees at 2); *see Thomas v. Shalala*, No. 91 C 5488, 1993 WL 112534, at *5 (N.D. Ill. Apr. 8, 1993) (recognizing "that an award of attorney's fees to a 'prevailing party' belongs to the party entitled to such an award and not to his attorney").

In reply, Wray filed an executed Assignment, assigning to Shull his rights to any EAJA fees and requesting that "any check for EAJA fees be made out to Mr. Shull." (Pl.'s Reply Br. on EAJA Fees, Ex. 1.). "While the fee award . . . belongs to [the claimant], it s common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client." *Thomas*, 1993 WL 112534, at *5; *see also Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990). Here, it is clear that Wray does not contest Shull's entitlement to the EAJA fees.

Accordingly, Wray's request for attorney fees payable to Shull will be granted.

## CONCLUSION

For the foregoing reasons, Wray's motion for award of attorney's fees under the EAJA (Docket # 25) is GRANTED in the amount of $5,566.45.

Enter for July 11, 2007.

S/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge

2